## JOSHUA L. SMALLMAN.

### *v.*

## MARY J. WHILTER.

1. BOAT—*passenger has no right to sell goods on.* A passenger on a boat, chartered for an excursion, has no right to sell goods on the boat, without permission.

2. SAME—*action for being prevented selling articles on boat.* A party can not maintain an action against the captain of a boat for preventing her from selling her goods on his boat on an excursion, she having obtained no permission for that purpose, nor can she recover when the captain put her goods into the baggage room, and could not deliver them to her, owing to the crowd getting off the boat, until it was too late for her to get them conveyed to the grounds of a picnic where she expected to make sales.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

This was an action, originating before a justice of the peace, and taken by appeal to the circuit court, wherein the appellee was plaintiff and the appellant, defendant.

The defendant was captain of a steamboat which gave an excursion trip from Chicago to Highland Park for the Young Men's Christian Association, where there was to be a picnic. The plaintiff went along for the purpose of selling a quantity of peanuts, pop corn, watermelons and the like, which cost her $33.75. The captain put the articles in the baggage room, and would not allow her to sell on the boat. She recovered judgment for $36.75.

Mr. HOMER COOK, for the appellant.

Mr. M. L. KNIGHT, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

We perceive no ground upon which the judgment in this case can be sustained. Appellee had no right to sell her goods on appellant's boat without permission of the officers in charge of the boat or the Young Men's Christian Association, who had the boat chartered for the trip, and it is clear, from the testimony, that she did not obtain the permission of either. The fact, therefore, that the goods were placed in the baggage room of the boat, and there kept until the boat landed at Highland Park, did appellee no injury of which she can complain, as she had no right to sell them on the boat, and could not legally do so without permission.

Nor do we perceive any misconduct on the part of appellant, or those in charge of the boat under him, after the boat landed, which would authorize a recovery. The goods were taken from the baggage room, and were subject to the order or disposal of appellee, with as little delay on the part of appellant as possible in view of the crowded condition of the boat, and if appellee failed to get her goods off the boat in time to have them taken to the grounds where the excursion

party assembled, by the conveyance she had provided, in consequence of which she lost a sale of the goods, it was her own fault, for which appellant was in no manner responsible.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*